IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-10-D

BANAN ALASSAF, )
)
Plaintiff, )
)
v. ) **ORDER**
)
HAMZAH ALKORDY, )
)
Defendant. )

On January 10, 2023, Banan Alassaf ("Alassaf" or "plaintiff"), proceeding pro se[1] and in forma pauperis, filed a complaint against Hamzah Alkordy ("Alkordy" or "defendant") seeking enforcement of Alkordy's I-864 Affidavit of Support [D.E. 1–3, 8, 9]. On August 11, 2023, Alkordy moved to dismiss Alassaf's complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6) and alternatively moved to strike portions of Alassaf's complaint and for a more definite statement [D.E. 22] and filed a memorandum in support [D.E. 23]. On August 14, 2023, the court notified Alassaf of Alkordy's motion, the consequences of failing to respond, and the response deadline [D.E. 24]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On September 25, 2023, Alassaf responded in opposition [D.E. 26]. On January 16, 2024, the court denied Alkordy's motion to dismiss, granted in part Alkordy's motion to strike, and denied Alkordy's motion for a more definite statement [D.E. 28].

On January 30, 2024, Alkordy moved for an extension of time to file a responsive pleading [D.E. 29]. On February 6, 2024, Alkordy moved for reconsideration of this court's January 16, 2024

---

[1] On November 10, 2023, Alassaf's counsel filed a notice of appearance. See [D.E. 27].

order [D.E. 30] and filed a memorandum in support [D.E. 31]. On March 18, 2024, Alassaf responded in opposition to Alkordy's motion for reconsideration [D.E. 34]. As explained below, the court grants Alkordy's motion for extension of time and denies Alkordy's motion for reconsideration.

I.

On December 13, 2016, Alassaf and Alkordy married. See Compl. [D.E. 9] ¶ 16. Alkordy is a United States citizen. See id. at ¶ 6. Alassaf is not. See id. at ¶¶ 23, 28. On December 22, 2016, Alkordy signed a Form I-864 Affidavit of Support Under Section 213A of the INA ("Affidavit of Support") to sponsor Alassaf's entry into the United States. See id.; [D.E. 9-2]. In doing so, Alkordy agreed "to provide support to maintain the sponsored alien at an annual income that is not less than 125 percent of the Federal poverty line during the period in which the affidavit is enforceable." Compl. ¶ 23; see [D.E. 9-2] 8. According to Alassaf, the Affidavit of Support "is effectively a contract between the sponsor and the United States for the beneficiary immigrant spouse." Compl. ¶ 28; see id. at ¶ 7. Once a sponsor signs the document and the sponsored alien submits it to the U.S. Government, "under [the Immigration and Naturalization Act ("INA")] section 213A [8 U.S.C. § 1183a], these actions create a contract between [the sponsor] and the U.S. Government." [D.E. 9-2] 8. Alkordy, however, "has failed to provide any spousal support since 2018." Compl. ¶ 16. Alassaf seeks monetary damages equal to "the financial support owed to [Alassaf under the Affidavit of Support] since . . . April 4th, 2018." Id. at ¶ 30. Alassaf also seeks "an order of specific performance compelling [Alkordy] to" continue to comply with his obligations under the Affidavit of Support. Id. at ¶ 29.

On August 11, 2023, Alkordy moved to dismiss Alassaf's complaint for lack of subject-matter jurisdiction, lack of personal jurisdiction, and failure to state a claim upon which relief may

2

be granted. See [D.E. 22] 1. On January 16, 2024, the court denied Alkordy's motion to dismiss. See [D.E. 28].

II.

Alkordy moves for reconsideration of the court's January 16, 2024 order. See [D.E. 30]. Federal Rule of Civil Procedure 54(b) governs motions to reconsider non-final orders. Before a final order is entered, "a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted." Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc., 326 F.3d 505, 514–15 (4th Cir. 2003); see Fed. R. Civ. P. 54(b); Carlson v. Bos. Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017); FlagCo, LLC v. Winstead, ___ F. Supp. 3d ___, 2024 WL 1481107, at *1 (E.D.N.C. Feb. 9, 2024); Sarvis v. United States, No. 7:11-CR-83, 2018 WL 4855206, at *1 (E.D.N.C. Oct 5, 2018) (unpublished). "Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment," but are "committed to the discretion of the district court." Am. Canoe Ass'n, 326 F.3d at 514–15. The standard for reconsidering a non-final order is less demanding than the standard for reconsidering a final judgment. See, e.g., Carlson, 856 F.3d at 325. A court may revise an interlocutory order if substantially new facts come to light, if the applicable law changes, or if the court determines it made a clear error resulting in a manifest injustice. See id.; FlagCo, LLC, 2024 WL 1481107, at *1; Valencell, Inc. v. Apple Inc., No. 5:16-CV-1, 2017 WL 2819768, at *1 (E.D.N.C. June 28, 2017) (unpublished).

Alkordy asks this court to reconsider its January 16, 2024 order and hold that collateral estoppel requires dismissal of this action for lack of personal jurisdiction. See [D.E. 31] 5–11. Specifically, Alkordy contends that the parties fully litigated personal jurisdiction in their state action for divorce, spousal support, and equitable distribution, and the Wake County District Court

3

concluded that it could not exercise personal jurisdiction over Alkordy. See [D.E. 31] 2–3. Alkordy notes that Alassaf cited the Affidavit of Support and 8 U.S.C. § 1183a in support of her argument that the state court could exercise personal jurisdiction over Alkordy. See id. The Wake County District Court dismissed most of Alassaf's claims for lack of personal jurisdiction after the parties submitted the issue of personal jurisdiction to this court but before this court issued its order denying Alkordy's motion to dismiss. See [D.E. 31-2] 2. Alassaf responds that the Wake County District Court did not have the benefit of Alkordy's Affidavit of Support, which is the basis of this action. See [D.E. 34] 1–2. Thus, according to Alassaf, specific personal jurisdiction "was not fully litigated and [the Wake County District Court] did not issue a final judgment on the merits of personal jurisdiction as to the Affidavit of Support claim." Id. at 2.

Because a North Carolina state court issued the earlier decision, North Carolina collateral estoppel rules apply. See Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380 (1985); Allen v. McCurry, 449 U.S. 90, 96 (1980); Gilliam v. Sealey, 932 F.3d 216, 230–31 (4th Cir. 2019); In re Genesys Data Techs., Inc., 204 F.3d 124, 127–28 (4th Cir. 2000). Under North Carolina law, the party invoking collateral estoppel must show: "(1) a prior suit resulting in a final judgment on the merits; (2) identical issues involved; (3) the issue was actually litigated in the prior suit and necessary to the judgment; and (4) the issue was actually determined." McDonald v. Skeen, 152 N.C. App. 228, 230, 567 S.E.2d 209, 211 (2002); see Thomas M. McInnis & Assocs., Inc. v. Hall, 318 N.C. 421, 429–30, 349 S.E.2d 552, 557 (1986).

Specific personal jurisdiction is "case-linked." Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct., 592 U.S. 351, 358 (2021). A court can exercise personal jurisdiction over a defendant if the defendant has sufficient minimum contacts with the forum state and the "plaintiff's claims . . . arise out of or relate to the defendant's contacts with the forum." Id. at 359 (quotation omitted); see

4

Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 582 U.S. 255, 262 (2017). Thus, the minimum contacts needed for personal jurisdiction turns on the nature of the plaintiff's claims. See [D.E. 28] 7 (collecting cases).

The Wake County District Court noted that Alkordy "signed an Affidavit of Support as a sponsor for [Alassaf], but that did not confer state court personal jurisdiction for the purposes of this action as this action is not an action under 8 U.S.C. § 1183a (a) (1) (C)." [D.E. 31-2] 2 (emphasis added). In contrast, Alassaf brings this action based on Alkordy's Affidavit of Support obligations. See [D.E. 28] 11–12. Alassaf's claim and Alkordy's jurisdictional contacts in this action differ from the Wake County District Court action. See [D.E. 28] 7. Thus, the issue of personal jurisdiction in this action was not "identical" to the issue of personal jurisdiction previously litigated in the Wake County District Court action. McDonald, 152 N.C. App. at 230, 567 S.E.2d at 211. Accordingly, collateral estoppel does not require the court to dismiss this action for lack of personal jurisdiction over Alkordy. See, e.g., Pohlmann v. Bill-Jax, Inc., 176 F.3d 1110, 1112 (8th Cir. 1999); Patterson v. Home Depot, USA, Inc., 684 F. Supp. 2d 1170, 1176 (D. Ariz. 2010). The court denies Alkordy's motion to reconsider.

III.

In sum, the court GRANTS defendant's motion for extension of time to file a responsive pleading [D.E. 29] and DENIES defendant's motion for reconsideration [D.E. 30]. Defendant SHALL file a responsive pleading no later than July 8, 2024.

SO ORDERED. This 21 day of June, 2024.

JAMES C. DEVER III
United States District Judge